10-4590-cv
Spira v. J.P. Morgan Chase & Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand twelve.

PRESENT:   REENA RAGGI,
                      SUSAN L. CARNEY,
                               *Circuit Judges*,
                      MARK R. KRAVITZ,
                               *District Judge*.[*]

-----------------------------------------------------------------------
ROBERT A. SPIRA,

                               *Plaintiff-Appellant*,

                    v.                                                              No. 10-4590-cv

J.P. MORGAN CHASE & CO., MAIT, WANG &
SIMMONS,

                               *Defendants-Appellees*.
-----------------------------------------------------------------------

FOR APPELLANT:        Robert A. Spira, *pro se*, New York, New York.

FOR APPELLEES:        Thomas E. Stagg, Michelle E. Tarson, Stagg, Terenzi, Confusione & Wabnik LLP, Garden City, New York, *for* J.P. Morgan Chase & Co.

---

[*] Judge Mark R. Kravitz of the United States District Court for the District of Connecticut, sitting by designation.

Michael C. Simmons, Mait, Wang & Simmons, New York, New York, *for* Mait Wang & Simmons.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2010, is AFFIRMED.

Plaintiff Robert Spira appeals from the dismissal of his complaint alleging that J.P. Morgan Chase & Co. ("Chase") and Mait, Wang & Simmons ("Mait") violated state and federal law in restraining and executing against his bank account which allegedly contained only Social Security funds. See Fed. R. Civ. P. 12(b)(6). In reviewing the dismissal de novo, we assume the truth of all facts alleged in the complaint, as well as in public state-court records on which Spira relied in his original pleading, and we draw all reasonable inferences in Spira's favor. See Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Ger., 615 F.3d 97, 113-14 (2d Cir. 2010), cert. denied, 131 S. Ct. 1502 (2011); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).[1]

---

[1] Although Spira purports to act pro se in this appeal, he was represented by his wife, a licensed attorney, in the district court, and Spira has not contested Chase's assertion that she is responsible for ghostwriting his appellate briefs. Under these circumstances, Spira is not entitled to "claim the special consideration which the courts customarily grant to pro se parties." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82 n.4 (2d Cir. 2001) (citation and internal quotation marks omitted).

1.      "Anti-attachment" Claim

The district court dismissed Spira's first claim against Chase, alleging a direct violation of the Social Security Act's anti-attachment provision, see 42 U.S.C. § 407(a), as time-barred under the three-year New York State statute of limitations for the state-law claim it found most analogous to his federal claim. See N.Y. C.P.L.R. 214(2) (pertaining to actions brought "to recover upon a liability, penalty or forfeiture created or imposed by statute"). On appeal, Spira renews his argument that no limitations period applies to his claim because § 407 specifies no limitations period and because the application of any limitations period would violate § 407(b)'s provision that "[n]o other provision of law . . . be construed to limit, supersede, or otherwise modify the provisions of [§ 407]." Although the district court did not address this argument, we conclude that it is without merit and, accordingly, affirm dismissal of Spira's anti-attachment claim.

Assuming arguendo that § 407 even creates a private cause of action to enforce its anti-attachment provisions,[2] § 407(b) does not preclude the application of a statute of limitations to such an action because limitations periods do not "limit, supersede, or otherwise modify," 42 U.S.C. § 407(b), a person's substantive right that his Social Security funds not "be subject to execution, levy, attachment, garnishment, or other legal process," id. § 407(a). As we have noted in the retroactivity context, limitations periods generally do

_____

[2] The parties have not briefed and we have no occasion to decide whether § 407 creates a private cause of action, or whether a third-party garnishee who complies with one of the forms of "legal process" covered by § 407(a) violates its anti-attachment provisions.

3

not modify underlying substantive rights. Rather, they govern secondary conduct, i.e., a party's filing of a lawsuit to enforce the underlying right. See Vernon v. Cassadaga Valley Cent. Sch. Dist., 49 F.3d 886, 890 (2d Cir. 1995) (holding application of amended limitations period to conduct pre-dating enactment not impermissibly retroactive because "[t]he conduct to which the statute of limitations applies is not the primary conduct of the defendants, the alleged discrimination, but is instead the secondary conduct of the plaintiffs, the filing of their suit"); see also P. Stolz Family P'ship v. Daum, 355 F.3d 92, 102 (2d Cir. 2004) (distinguishing statutes of repose, which define and limit rights, from statutes of limitations, which "bear on the availability of remedies").

Further, a federal statute's failure to reference a limitations period does not compel the conclusion that no limitations period applies. Where Congress creates a cause of action without specifying a limitations period, federal courts generally borrow a limitations period or other timeliness rule from the most analogous source—ordinarily state law. See Muto v. CBS Corp., --- F.3d ---, 2012 WL 284589, at *2 (2d Cir. Feb. 1, 2012).[3] This doctrine flows from the assumption that "absent some sound reason to do otherwise, Congress would likely intend that the courts follow their previous practice of borrowing state provisions." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158 n.12 (1983); see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 356 (1991) ("Rooted as it is

---

[3] Because § 407 was enacted before December 1, 1990, any action under that statute would not be subject to the catch-all limitations period in 28 U.S.C. § 1658(a) (providing that, except as otherwise indicated, four-year limitations period applies to all civil actions arising under statutes enacted after December 1, 1990).

4

in the expectations of Congress, the 'state-borrowing doctrine' may not be lightly abandoned."). Section 407(b) evinces no congressional intent to override federal courts' practice of borrowing analogous timeliness rules. The text of § 407(b) says nothing regarding a Social Security beneficiary's enforcement remedies and the legislative history indicates that the purpose of § 407(b) was to prevent subsequent legislative enactments from implicitly superseding § 407(a) rights, not remedies. See H.R. Rep. No. 98-25(I), at 82-83 (1983), reprinted in 1983 U.S.C.C.A.N. 219, 301-02 (noting concern that provisions of Bankruptcy Reform Act of 1978 had led bankruptcy courts to treat Social Security benefits as income, and stating that § 407(b) was "specifically" intended to ensure that such benefits "may not be assigned notwithstanding any other provisions of law," including the "Bankruptcy Reform Act of 1978").

Thus, we identify no merit in Spira's challenge to the district court's application of New York's three-year limitations period. See N.Y. C.P.L.R. 214(2).[4]

2.    Remaining Issues

Because Spira "devotes only a single conclusory sentence" to the dismissal of his Fair Debt Collection Practices Act claim against Mait, we deem that claim abandoned on appeal. Zhang v. Gonzales, 426 F.3d 540, 546 n.7 (2d Cir. 2005); Norton v. Sam's Club, 145 F.3d

---

[4] To the extent Spira faults the district court's determination that his anti-attachment claims accrued when his account was first restrained because the restraint was a continuing violation of his § 407(a) rights, Spira waived this argument by failing to raise it before the district court. See In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 255 n.8 (2d Cir. 2011).

114, 117 (2d Cir. 1998). Further, Spira's failure to argue in the district court (1) that state courts have enforced New York's Exempt Income Protection Act retroactively notwithstanding its effective date, and (2) that his breach-of-contract and N.Y. Gen. Bus. Law § 349 claims against Chase are timely because they involved continuing violations and because of Chase's allegedly "egregious" behavior, renders those arguments un-preserved for appellate review. See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005); Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1077 (2d Cir. 1993) (holding that party must raise all arguments against summary disposition in trial court and may not raise them for first time on appeal).

For the foregoing reasons, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6